IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

DARRYL WADE VICTORIAN, §
TDCJ #627801, §
 §
    Petitioner, §
 §
v. §
 § CIVIL ACTION NO. H-19-1509
LORIE DAVIS, Director, §
Texas Department of Criminal §
Justice - Correctional §
Institutions Division, §
 §
    Respondent. §

**MEMORANDUM OPINION AND ORDER**

While incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Darryl Wade Victorian (TDCJ #627801) filed a Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody ("Petition")(Docket Entry No. 1), regarding the calculation of his sentence following the revocation of his parole. Now pending is Respondent's Motion for Summary Judgment With Brief in Support ("Respondent's MSJ") (Docket Entry No. 16). Victorian has replied with Petitioner's Objection to Summary Judgment (Docket Entry No. 21) and Petitioner's Written Motion For A Live Evidentiary Hearing (Docket Entry No. 22). After considering all of the pleadings and the applicable law, the Respondent's MSJ will be granted and this action will be dismissed for the reasons explained below.

## I. Background

In 1992, Victorian was charged in Harris County Case No. 631861 with the felony offense of burglary of a vehicle.[1] Those charges were enhanced for purposes of punishment with allegations that Victorian had at least two prior felony convictions for burglary of a building.[2] Victorian waived a formal indictment and entered a guilty plea to the charges against him.[3] The 262nd District Court for Harris County, Texas, found Victorian guilty as charged and sentenced him to 25 years' imprisonment under the terms of the plea agreement.[4]

Victorian does not challenge the validity of his underlying convictions here. Instead, he challenges the manner in which the trial court reviewed a state habeas corpus application that he filed regarding the revocation of his parole and subsequent calculation of his sentence.[5] Victorian's parole revocation and state habeas corpus proceedings are summarized below based on

---

[1]See Felony Information and Waiver of Indictment, Docket Entry No. 17-10, p. 126. For purposes of identification, all page numbers refer to the pagination imprinted by the court's electronic filing system, CM/ECF.

[2]See id.

[3]See id.; Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession, Docket Entry No. 17-10, p. 123.

[4]See Judgment on Plea of Guilty or Nolo Contendere Before Court- Waiver of Jury Trial, Docket Entry No. 17-10, p. 129.

[5]Petition, Docket Entry No. 1, p. 5.

records provided by the respondent.[6]

A. Victorian's Parole Revocation Proceedings

After receiving his 25-year sentence in 1992, Victorian was released on parole for the first time on September 5, 2000.[7] In 2002, a pre-revocation warrant issued for Victorian's arrest after he failed to report under the terms of his supervised release and was declared an absconder.[8] The warrant was executed on April 19, 2010, after Victorian was found in custody of the Colorado Department of Corrections as the result of a new conviction.[9] Victorian waived a parole revocation hearing and was extradited back to Texas, where his parole was revoked on February 11, 2011.[10]

When Victorian returned to TDCJ following the revocation of his parole in 2011, he received "jail credit" on his sentence for

---

[6]There are two affidavits in the record that set forth the relevant facts regarding Victorian's parole revocation proceedings and the calculation of his sentence. Angela Nation of the TDCJ Parole Division provided an affidavit during Victorian's state habeas corpus proceedings in 2018. See Affidavit of Angela Nation ("Nation Affidavit"), Docket Entry No. 17-10, pp. 85-91. Charley Valdez of the TDCJ Classification and Records Department has provided an affidavit with more recent information in support of Respondent's MSJ. See Respondent's MSJ, Exhibit A, Affidavit of Charley Valdez ("Valdez Affidavit"), Docket Entry No. 16-2, pp. 1-6.

[7]Valdez Affidavit, Docket Entry No. 16-2, pp. 3-4.

[8]Nation Affidavit, Docket Entry No. 17-10, p. 89.

[9]See id.

[10]See id.

time spent in custody after the pre-revocation warrant was executed on April 19, 2010, but he was denied credit for the rest of the time he spent out of TDCJ custody, forfeiting all of his previously earned good time as well as "9 years, 7 months, and 14 days of calendar street time" pursuant to Tex. Gov't Code § 508.283(c).[11]

On October 9, 2012, Victorian was released by TDCJ on parole a second time.[12] While on parole, Victorian was convicted of a new offense in state court for violating a protective order and sentenced to three years' imprisonment on January 27, 2015.[13] Victorian's parole was revoked shortly thereafter on April 7, 2015.[14] As a result of this revocation, Victorian forfeited all previously earned good-time credit as well as "2 years, 5 months, and 28 days of calendar street time" pursuant to § 508.283(c).[15]

In 2017, Victorian filed two administrative Time Dispute Resolution Forms to challenge the way in which his sentence was

---

[11]Valdez Affidavit, Docket Entry No. 16-2, p. 4. "Street-time credit refers to calendar time a person receives towards his sentence for time spent on parole or mandatory supervision." Ex parte Spann, 132 S.W.3d 390, 392 n. 2 (Tex. Crim. App. 2004). Subject to certain exceptions for violent offenders, a Texas prisoner is entitled to street-time credit after a parole revocation only "if the 'remaining portion' of their sentence is less than the amount of time they have spent out on parole." Id. at 392 (discussing § 508.283(c)).

[12]See Valdez Affidavit, Docket Entry No. 16-2, p. 4.

[13]See id.

[14]See id. at 5.

[15]See id.

calculated after the revocation of his parole.[16] Prison officials rejected each one after determining that his sentence and time credits were calculated properly.[17]

B.  **Victorian's State Habeas Proceedings**

On February 12, 2018, Victorian filed an Application for a Writ of Habeas Corpus Seeking Relief from Final Felony Conviction Under [Texas] Code of Criminal Procedure, Article 11.07 ("State Habeas Application") with the trial court, challenging the revocation of his parole in 2011, and the subsequent calculation of his time credits by TDCJ.[18] Victorian argued that he was entitled to relief for the following reasons:

1. Parole officials failed to calculate his time credits correctly following the revocation of his parole in 2011.

2. He was denied a timely revocation hearing in violation of due process when his parole was revoked in 2011.

3. TDCJ officials failed to adequately resolve the claims that he raised during the administrative time-credit dispute process (referencing his Time Dispute Resolution Forms).

4. His sentence was improperly extended by an improper application of the law that governed the calculation of time credits following a parole

---

[16]See id. at 5-6.

[17]See id. at 5.

[18]See State Habeas Application, Docket Entry No. 17-10, pp. 5-21.

revocation.[19]

After considering a "credible" affidavit from a TDCJ Parole Division official regarding Victoria's revocation proceedings and the calculation of his time credits, the state habeas corpus court entered findings of fact and concluded that he was not entitled to relief.[20] In particular, the state habeas corpus court found that Victorian waived a parole revocation hearing in 2011.[21] The state habeas corpus court also found that he received all of the time credits that he was due and that his sentence was not unlawfully extended, as Victorian alleged.[22] The Texas Court of Criminal Appeals agreed and denied Victorian's State Habeas Application without a written order based on the trial court's findings.[23]

### C. Victorian's Federal Habeas Petition

In his pending federal habeas corpus Petition, Victorian contends that he is entitled to relief for the following reasons:

1. In considering his State Habeas Application, the trial court did not address his claim that his parole was revoked without due process in 2011.

---

[19]See id. at 10-17.

[20]See State's Proposed Findings of Fact, Conclusions of Law, and Order, Docket Entry No. 17-10, p. 114 (finding the affidavit from Angela Nation "credible" and that the facts asserted therein were "true").

[21]See id. at 115.

[22]See id. at 116-17.

[23]Action Taken on Writ No. 88,380-03, Docket Entry No. 17-10, p. 1.

2. He was denied due process when the trial court construed his claim to apply to the calculation of his sentence, rather than his parole revocation proceeding.

3. He was denied due process when the trial court failed to consider his objections to the State's proposed findings of fact.

4. In considering his State Habeas Application, the trial court overlooked one of his claims about "jail time" credit.[24]

The respondent moves for summary judgment, arguing that Victorian fails to state a viable claim for relief as a matter of law.[25]

## II. Standard of Review

The federal habeas corpus standard of review requires a petitioner to first present his claims in state court and to exhaust all state court remedies through proper adjudication. See 28 U.S.C. § 2254(b). To satisfy the exhaustion requirement the petitioner must present his claims to the highest state court in a procedurally proper manner so that the state court is given a fair opportunity to consider and pass upon challenges to a conviction before those issues come to federal court for habeas corpus review.

---

[24]Petition, Docket Entry No. 1, pp. 6-7.

[25]Respondent's MSJ, Docket Entry No. 7, pp. 5-6. The respondent notes that any challenge to the calculation of Victorian's sentence is barred by the one-year statute of limitations found in 28 U.S.C. § 2244(d). See id. at 6, n.3. Because the Petition is without merit for other reasons discussed further below, the court does not address this argument, which is asserted in a footnote, but reserves the right to do so, if necessary, at a future time.

See, e.g., O'Sullivan v. Boerckel, 119 S. Ct. 1728, 1732 (1999) (explaining that comity dictates that state courts should have the first opportunity to review a claim and provide any necessary relief).

Where a federal habeas corpus petitioner's claims were adjudicated on the merits in state court, his petition is subject to review under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2254(d). Under the AEDPA a federal habeas corpus court may not grant relief unless the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. § 2254(d)(1). If a claim presents a question of fact, a petitioner cannot obtain federal habeas relief unless he shows that the state court's denial of relief "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Otherwise, findings of fact are "presumed to be correct" unless the petitioner rebuts those findings with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### III. Discussion

Victorian's primary contention in all four of his proposed claims is that he was denied due process on state collateral review because the trial court misconstrued or failed to address his

claims properly.[26] The respondent correctly notes that this allegation does not articulate a viable claim for relief on federal habeas review.[27] In that regard, the Fifth Circuit has repeatedly held that "infirmities" or errors that occur during state collateral review proceedings "do not constitute grounds for relief in federal court." Rudd v. Johnson, 256 F.3d 317, 319 (5th Cir. 2001) (quoting Trevino v. Johnson, 168 F.3d 173, 180 (5th Cir. 1999)) (citations omitted). Instead, a habeas corpus petitioner must demonstrate that a constitutional violation occurred during the underlying proceeding that resulted in his confinement before a federal court may issue the writ. See, e.g., Morris v. Cain, 186 F.3d 581, 585 n.6 (5th Cir. 1999) (citations omitted); see also Nichols v. Scott, 69 F.3d 1255, 1275 (5th Cir. 1995) (explaining that "[a]n attack on a state habeas proceeding does not entitle the petitioner to habeas relief in respect to his conviction, as it is an attack on a proceeding collateral to the detention and not the detention itself") (citation and internal quotation marks omitted).

The claims asserted in Victorian's Petition expressly take issue with the trial court's characterization of his claims or the failure to adequately address his allegations on state habeas

---

[26]See Respondent's MSJ, Docket Entry No. 16, p. 6.

[27]See id. at 6-7.

corpus review.[28] To the extent that Victorian challenges infirmities or errors that allegedly occurred on state collateral review, he fails to state a claim upon which federal habeas relief may be granted. See Rudd, 256 F.3d at 319. Therefore, the respondent is entitled to summary judgment on this issue.

In an abundance of caution,[29] the court has reviewed the State Habeas Application filed by Victorian along with the findings and conclusions entered by the state habeas corpus court and finds no error that rises to the level of a constitutional violation or warrants federal habeas corpus relief under the deferential AEDPA standard. Victorian does not rebut any of the state court's fact findings about his parole revocation proceedings or the calculation of his sentence. Absent clear and convincing evidence calling any of the state court's factual findings into question, those fact findings and credibility determinations are presumed correct on federal review. See 28 U.S.C. § 2254(e)(1); Valdez v. Cockrell, 274 F.3d 941, 947 (5th Cir. 2001); see also Coleman v. Quarterman, 456 F.3d 537, 541 (5th Cir. 2006) (citing Guidry v. Dretke, 397

---

[28] See Petition, Docket Entry No. 1, pp. 6-7.

[29] Because Victorian represents himself in this proceeding, the court has construed all of his submissions under a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 92 S. Ct. 594, 596 (1972) (per curiam); see also Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) ("A document filed pro se is 'to be liberally construed[.]'") (quoting Estelle v. Gamble, 97 S. Ct. 285, 292 (1976)).

F.3d 306, 326 (5th Cir. 2005)).[30]

Likewise, Victorian cites no authority showing that his sentence was calculated incorrectly in violation of the Constitution following one of his parole revocations. To the extent that the state habeas corpus court found that Victorian's sentence was calculated correctly under state law, this conclusion was adopted by the Texas Court of Criminal Appeals when it denied his State Habeas Application.[31] A federal habeas corpus court is required to defer to a state court's interpretation of its own law. See Arnold v. Cockrell, 306 F.3d 277, 279 (5th Cir. 2002) ("We will take the word of the highest court on criminal matters of Texas as to the interpretation of its law, and we do not sit to review that state's interpretation of its own law") (quoting Seaton v. Procunier, 750 F.2d 366, 368 (5th Cir. 1985)).

Even if there was an error in the calculation of his sentence, and Victorian does not demonstrate that one occurred, the Supreme Court has repeatedly held that "federal habeas corpus relief does not lie for errors of state law." Estelle v. McGuire, 112 S. Ct. 475, 480 (1991); Lewis v. Jeffers, 110 S. Ct. 3092, 3102 (1990);

---

[30]Although Victorian asks for an evidentiary hearing on his claims, he does not show that one is available under the governing statute. See 28 U.S.C. § 2254(e)(2). Accordingly, Petitioner's Written Motion For A Live Evidentiary Hearing (Docket Entry No. 22) will be denied.

[31]Action Taken on Writ No. 88,380-03, Docket Entry No. 17-10, p. 1.

Pulley v. Harris, 104 S. Ct. 871, 874-75 (1984). For this additional reason, Victorian is not entitled to relief and his Petition will be dismissed.

### IV. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604.

The court concludes that reasonable jurists would not debate whether any ruling in this case was correct or whether the petitioner states a valid claim for relief. Therefore, a certificate of appealability will not issue.

## V. Conclusion and Order

Accordingly, the court **ORDERS** as follows:

1. The Respondent's Motion for Summary Judgment (Docket Entry No. 16) is **GRANTED**.

2. Petitioner's Written Motion For A Live Evidentiary Hearing (Docket Entry No. 22) is **DENIED**.

3. The Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody filed by Darryl Wade Victorian (Docket Entry No. 1) is **DENIED** and this case will be **DISMISSED with prejudice**.

4. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the petitioner.

**SIGNED** at Houston, Texas, on this 3rd day of February, 2020.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE